IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JENNIFER L. DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-3008 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Commissioner of Social Security's Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (d/e 19) (Motion to Remand). The parties have consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered January 29, 2020 (d/e 8). The Commissioner asks for a remand for further proceedings before the Social Security Administration. Plaintiff Jennifer Day opposes a remand for further proceedings. She argues that the Court should reverse the decision of the Defendant Commissioner and remand with an order to award benefits. Day sets forth her argument for an award of benefits in her pending Motion

for Summary Judgment (d/e 18) (Summary Judgment Motion). This Court cannot order an award of benefits on remand unless all factual issues have been resolved and the record can yield but one supportable conclusion that the claimant is disabled. E.g., Allord v Astrue, 631 F.3d 411, 415 (7th Cir. 2011). After careful consideration, the Court finds that all factual issues have not been resolved and the record does not require a finding of disability. The Court, therefore, allows the Motion to Remand and denies Day's request that this Court order an award of benefits.

Background

Day appeals from the denial of her application for Social Security Disability Insurance under Title II of the Social Security Act and her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (collectively Disability Benefits). 42 U.S.C. §§ 416(i), 423, 1381a and 1382c. This appeal is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Day suffers from severe impairments of anxiety disorder, post-traumatic stress disorder (PTSD), affective disorder, history of psychotic symptoms, personality disorder, and history of polysubstance abuse. Certified Transcript of the Record of Proceedings before the Social Security Administration (d/e 13) (R.) 13.

On September 26, 2016, state agency psychologist Dr. David Voss, Ph.D., prepared a Psychiatric Review Technique (Review Technique) and a Mental Residual Functional Capacity Assessment (Mental RFC) for Day. R. 88-90, 91-93.  Dr. Voss opined in the Review Technique that Day suffered from Schizophrenic, Paranoid or Other Psychotic Disorders; Anxiety-Related Disorders; and Substance Abuse Addiction.  Dr. Voss opined that Day was moderately restricted in her activities of daily living; had moderate difficulties maintaining social functioning; and moderate difficulties maintaining concentration, persistence, or pace. Dr. Voss said that Day had no repeated episodes of decompensation.  R. 88-89.

Dr. Voss opined in the Mental RFC that Voss was moderately limited in her ability to:  carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or in proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; get along with coworkers or peers without distracting them or exhibiting behavior extremes; and respond appropriately to changes in work settings.

R. 91-92. Dr. Voss explained further his opinion regarding Day's ability to complete a workday and workweek:

> The medical evidence indicates that the claimant can maintain the concentration and persistence necessary to carry out simple tasks at a consistent pace in a typical work environment. Labile moods may limit the claimant's ability to sustain attention, concentration and persistence. She would have no difficulty attending work regularly and would require no special supervision beyond what is commonly provided in a typical work setting. Overall, her mental MDI [medically determinable impairments] would not interfere significantly with her ability to complete simple tasks.

R. 92.

Dr. Voss opined that Day had the following adaptation capacities and/or limitations:

> Evidence in file indicates the claimant has the ability to adapt adequately to work situations and changes that occur in the usual workplace with reasonable support, but is likely to perform more successfully in a consistent work environment. There are no limitations in terms of the claimant's awareness of safety hazards and ability to respond appropriately. There are no significant issues with her ability to use public transportation or learn routes to a work site. She would function best in an environment where activities and goals are determined for her rather than having her plan activities independently. The claimant would benefit from an environment with low stress.

R. 93. Dr. Voss further stated:

> Based on the information currently in file, an assessment of the claimant's mental MDI [medically determinable impairments] and mental residual functional capacity indicates she retains the mental capacity for work related activities that involve

      simple instructions and routine/repetitive tasks, with limited
      social demands, as noted above.

R. 93.

      On January 19, 2017, state agency psychologist Dr. Linda Lanier, Ph.D., prepared a Review Technique and Mental RFC for Day.  R. 117-19, 120-22.  Dr. Lanier prepared her analyses of Day's impairments in the Review Technique after the Social Security Administration amended its process for analyzing the severity of mental impairments.  Dr. Lanier, thus, used slightly different categories from Dr. Voss' Review Technique.  Dr. Lanier opined in the Review Technique that Day suffered from Schizophrenia Spectrum and other Psychotic Disorders; Depressive, Bipolar, and Related Disorders, Anxiety and Obsessive-Compulsive Disorders; and Trauma and Stressor-Related Disorders.  R. 117.  Dr. Voss opined that Day was mildly limited in her ability to understand, remember, or apply information and in her ability to adapt or manage oneself; and moderately limited in her ability to interact with others and in her ability to concentrate, persist, or maintain pace.  R. 117.

      Dr. Lanier opined in the Mental RFC that Day was moderately limited in her ability to:  carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or in proximity to others without being distracted by them; complete a normal workday and

workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in work settings.  R. 120-22.  Dr. Lanier reiterated verbatim Dr. Voss' additional explanation and comments quoted above.  R. 122.

On May 10, 2018, the Administrative Law Judge (ALJ) conducted an evidentiary hearing in this case.  R. 53-82.  Day appeared with her attorney.  Vocational expert Michelle Peters-Pagella appeared by telephone.  R. 55.  Peters-Pagella testified at the hearing.  The ALJ asked Peters-Pagella the following hypothetical question:

> Ms. Pagella, I'd like you to consider an individual the claimant's age, education and work experience.  I'd like you to assume an individual who is capable of understanding complex and/or detailed instructions.  But, due to deficits in concentration, persistence and deficits in pace, this individual is reasonably limited to performing simple and routine tasks on a sustained basis, with only routine breaks.  I'd like you to assume that this individual will do best in a setting with reduced social demands.  Considering this, any work should not require more than occasional contact or interaction with the general public and any work should not require more than occasional interaction with supervisors or coworkers.  Any work must not involve more than ordinary or routine changes in work setting or duties. I'm

going to leave it there for this opening hypothetical. Can you -- would that allow for any past work in your opinion?

R. 77.  Peters-Pagella said that the person could perform Day's past work as a cleaner/housekeeper.  Peters-Pagella opined that 280,000 such jobs existed in the national economy.  R. 77-78.

The ALJ then had the following colloquy with Peters-Pagella:

Q If I ask you to assume all the limitations from the first hypothetical, and also assume that any work should not involve a fast production rate, pace or strict hourly production quotas, would that have any impact on the cleaner/housekeeping?

A No, Your Honor.

Q Give me one second. State agency consultants refer to moderate limitations and the ability to carry out detailed instructions, moderate limitations and the ability to maintain attention and concentration for extended periods, moderate limitations and the ability to complete a normal work day and work week without interruptions from psychologically-based symptoms, and to perform in a consistent pace without an unreasonable number in length of rest periods. They refer to moderate limitations and the ability to interact appropriately with the general public, moderate limitations and the ability to get along with coworkers or peers without distracting them, moderate limitations in the ability to respond appropriately to changes in the work setting. Would those summary ratings, the endorsement of moderate limitations in those areas have any impact on the work as a housekeeping/cleaner in your opinion?

A Your Honor, it'd be the totality of the limitations at the moderate level given most of those are required in any competitive employment. So, the totality of adding all those limitations, completing workday concentration, persistence and pace, coworkers, all that in totality would eliminate all work.

Q Okay. Let me back off from the totality of those and just ask you about the ability to complete a normal workday and work week without interruptions and at a consistent pace without an unreasonable number and length of rest periods. If I asked you to assume that moderate limitations in that area is consistent with missing an average of two days of work each month, what kind of impact would that have on competitive employment?

A It would eliminate all competitive employment, Your Honor.

R. 78-79.  The ALJ concluded the hearing.

On November 8, 2018, the ALJ issued his decision.  R. 10-42.  The ALJ followed the five-step analysis set forth in Social Security Administration Regulations (Analysis).  20 C.F.R. §§ 404.1520, 416.920. Step 1 requires that the claimant not be currently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If true, Step 2 requires the claimant to have a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If true, Step 3 requires a determination of whether the claimant is so severely impaired that she is disabled regardless of her age, education and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).  To meet this requirement at Step 3, the claimant's condition must meet or be equal to the criteria of one of the impairments specified in 20 C.F.R. Part 404 Subpart P, Appendix 1 (Listing).  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant is not so severely impaired, the ALJ proceeds to Step 4 of the Analysis.

Step 4 requires the claimant not to be able to return to her prior work considering her age, education, work experience, and Residual Functional Capacity (RFC). 20 C.F.R. §§ 404.1520(e) and (f), 416.920(e) and (f). If the claimant cannot return to her prior work, then Step 5 requires a determination of whether the claimant is disabled considering her RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c). The claimant has the burden of presenting evidence and proving the issues on the first four steps. The Commissioner has the burden at Step 5 to present evidence that, considering the listed factors, the claimant can perform some type of gainful employment that exists in the national economy. 20 C.F.R. §§ 404.1512, 404.1560(c); <u>Weatherbee v. Astrue</u>, 649 F.3d 565, 569 (7th Cir. 2011); <u>Briscoe ex rel. Taylor v. Barnhart</u>, 425 F.3d 345, 352 (7th Cir. 2005).

The ALJ determined that Day met her burden at Steps 1 and 2. She had not engaged in substantial gainful activity and at least some of her mental impairments constituted severe impairments. The ALJ determined at Step 3 that Day's impairments or combination of impairments did not meet or equal a Listing.

Before addressing Step 4, the ALJ determined that Day had the following RFC:

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. She can understand complex and/or detailed instructions but due to deficits in concentration, persistence and pace she is limited to performing simple and routine tasks on a sustained basis with only routine breaks. She will do best in a setting with reduced social demands; considering this, any work should not require more than occasional contact or interaction with the general public and any work should not require more than occasional interaction with supervisors or coworkers. Any work must not involve more than ordinary or routine changes in work setting or duties. Any work must not require a fast production rate pace or strict hourly production quotas.

R. 18. In reaching this RFC determination, the ALJ addressed the opinions of Dr. Lanier:

> On January 19, 2017, a state agency psychological consultant opined that the claimant had a mild limitation in understanding, remembering, or applying information, moderate limitation in interacting with others, moderate limitation in concentration, persistence, or maintaining pace, and mild limitation in adapting or managing oneself. The state agency consultant affirmed the prior mental residual functional capacity assessment.
>
> Based on the available evidence, the undersigned generally agrees with and adopts the more recent state agency assessment . . ..

R. 38. (internal citations to the record omitted). The ALJ found at Step 4 that Day could not perform her past relevant work as a machine operator. Her work as a cleaner/housekeeper did not qualify as past relevant work.

R. 40. The ALJ found at Step 5 that Day could perform a significant

number of jobs in the national economy based on Peters-Pagella's opinion that the person in the ALJ's first hypothetical question could perform the representative job of cleaner/housekeeper. R. 40-41.

## ANALYSIS

Day argues in her Summary Judgment Motion that the ALJ erred in his RFC determination because he adopted Dr. Lanier's opinion, but the RFC was inconsistent with Dr. Lanier's opinions in her Mental RFC. Dr. Lanier opined that Day was moderately limited in several work activities such as carrying out detailed instructions, maintaining attention, etc., set forth in detail above. The ALJ's RFC determination did not account for those opinions. She argues that the ALJ's error was material because vocational expert Peters-Pagella opined that a person with such limitations could not work. She argues that the combination of the opinions of Dr. Lanier and Peters-Pagella so clearly demonstrate that she was disabled that this Court must order an award of benefits.

The Commissioner agrees that the ALJ erred but argues that the Court should not order an award of benefits because the record is not so clear as to require a finding of disability.

The Court agrees with the Commissioner. The ALJ stated that he "generally agrees with and adopts" Dr. Lanier's opinions. R. 38. The

phrase "generally agrees with and adopts" does not necessarily mean that the ALJ agreed with and adopted all of Dr. Lanier's opinions. The ALJ may have only agreed with and adopted those opinions that were consistent with the RFC. As quoted above, the ALJ only mentioned Dr. Lanier's opinions from the Review Technique in his decision; he did not mention Dr. Lanier's opinions in the Mental RFC. R. 38. The ALJ's phrase "generally agrees with and adopts" could also mean that the ALJ intended to adopt all of Dr. Lanier's opinions in both her Review Technique and her Mental RFC.

In addition, there may be conflict between Dr. Lanier's opinions and the ALJ's questions to Peters-Pagella. Dr. Lanier opined that Day "would have no difficulty attending work regularly and would require no special supervision beyond what is commonly provided in a typical work setting." R. 122.[1] The ALJ's asked Peters-Pagella to assume the hypothetical person would miss two days of work a month. It is unclear how the ALJ's question to assume absences two days a month is consistent with Dr. Lanier's opinion that Day would have no difficulty attending work regularly.

These ambiguities demonstrate that the ALJ failed to minimally articulate his analysis of all the material evidence. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994); see Clifford v. Apfel, 227 F.3d 863, 872 (7th

---

[1] Dr. Voss expressed the same opinion. R. 92.

Cir. 2000) (The ALJ must "build an accurate and logical bridge from the evidence to his conclusion."). The matter, therefore, must be remanded. The evidence, however, is not so clear that the record can yield but one supportable conclusion that the claimant is disabled. Allord, 631 F.3d at 415. If the ALJ did not mean to adopt all of Dr. Lanier's opinions, he must say so clearly, identify the opinions he adopts, and explain fully the basis for the weight given to the various opinions. If the ALJ intended to adopt all of Dr. Lanier's opinions, he must explain how all of the opinions are consistent with the RFC finding, particularly in light of the opinions of Peters-Pagella.

The Court recognizes that on remand the ALJ may review the matter de novo. The ALJ may conduct a new hearing and secure additional medical and vocational evidence to clear up any questions in the record. Regardless, the record does not convince the Court that the only possible outcome is a finding of disability. The matter, therefore, must be remanded for further proceedings before the Social Security Administration.

THEREFORE, IT IS ORDERED THAT Defendant Commissioner of Social Security's Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (d/e 19) is ALLOWED, and Plaintiff Jennifer Day's Motion for Summary Judgment (d/e 18) is DENIED as moot.

The Decision of the Defendant Commissioner is REVERSED and REMANDED for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).  THIS CASE IS CLOSED BEFORE THIS COURT.

ENTER:   March 16, 2021

                     s/ *Tom Schanzle-Haskins*
                      TOM SCHANZLE-HASKINS
                 UNITED STATES MAGISTRATE JUDGE